**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————————

**PAULETTE RILEY,**

                          **Plaintiff,**

          **- against -**

**NEW YORK CITY HEALTH AND HOSPITALS**
**CORPORATION,**

                          **Defendant.**
————————————————————————

**22-cv-2736 (JGK)**

**MEMORANDUM**
**OPINION & ORDER**

**JOHN G. KOELTL, District Judge:**

The plaintiff, Paulette Riley, a nurse who worked at a hospital managed by the defendant, New York City Health + Hospitals Corporation ("H+H"), brought this action alleging violations of 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the First and Fourteenth Amendments of the United States Constitution; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 et seq.; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq. The plaintiff alleges that the defendant fired her after refusing to grant her a reasonable religious accommodation from the defendant's Covid-19 vaccine mandate. The defendant now moves to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion to dismiss is **granted.**

**I.**

**A.**

Unless otherwise noted, the following allegations are drawn from the amended complaint ("Complaint"), ECF No. 13, and are accepted as true for purposes of this motion.

The plaintiff is a Christian woman who in 2016 began working as a registered nurse ("RN") at the North Central Bronx Hospital ("North Central"). Compl. ¶ 12. The defendant is a municipal corporation that runs New York City's municipal hospitals, including North Central. Id. ¶¶ 5-6; see also Rookard v. Health & Hosps. Corp., 710 F.2d 41, 43 (2d Cir. 1983); N.Y. Unconsol. Laws §§ 7384(1), 7385(1). When the Covid-19 pandemic began in March 2020, the plaintiff was assigned as a First Responder/Nurse in the medical surgical unit (4B) of North Central. Compl. ¶¶ 13-14. She remained there for the first year and a half of the pandemic, "taking all precautions required by the defendant for the safety and well-being of her patients, other staff members and herself [] despite the shortages of personal protective equipment and the high number of COVID infected patients." Id. ¶ 16. The plaintiff did not vaccinate against Covid-19, but she alleges that her "presence at work, in an unvaccinated state, posed [no] risk to any patients, staff members or herself." Id. ¶ 17.

On August 26, 2021, the New York State Department of Health enacted an emergency rule requiring healthcare facilities like North Central to ensure that certain employees begin vaccinating against Covid-19 by September 27, 2021. See 10 N.Y.C.R.R. § 2.61 (Aug. 26, 2021), codified at 10 N.Y.C.R.R. § 2.61 (July 22, 2022) ("Section 2.61").[1] Covered employees included "members of the medical and nursing staff" who could "potentially expose other covered personnel, patients or residents to" Covid-19 if "they were infected with" the disease. Id. § 2.61(a)(2). The rule exempted those for whom vaccination would be medically detrimental, id. § 2.61(d)(1), but there was no exemption for religious objectors, see We The Patriots USA, Inc. v. Hochul, 17 F.4th 266, 272 (2d Cir. 2021). The Court of Appeals for the Second Circuit later held, on a motion for a preliminary injunction, that Section 2.61 was likely valid under the First Amendment, the Supremacy Clause, and the Fourteenth Amendment. Id. at 273.

On September 14, 2021, the defendant issued its own mandate requiring employees at its hospitals, including the plaintiff, to be vaccinated against Covid-19 or face termination. See

---

[1] The Complaint does not mention Section 2.61, but the Court may take judicial notice of the emergency rule as a "relevant matter[] of public record." See Giraldo v. Kessler, 694 F.3d 161, 164 (2d Cir. 2012); see also Marte v. Montefiore Med. Ctr., No. 22-cv-3491, 2022 WL 7059182, at *1 n.2 (S.D.N.Y. Oct. 12, 2022) (taking judicial notice of Section 2.61).

Compl. ¶ 18. The plaintiff sought a religious exemption and reasonable accommodation from the defendant's mandate. Id. ¶ 19. On September 23, 2021, the defendant's Office of Equal Employment Opportunity ("Office of EEO") informed the plaintiff by email that "the presence of unvaccinated staff" at the hospital "pose[d] an undue burden and a direct threat" to staff and patients and that "there are no reasonable accommodations available" that would allow the plaintiff "to perform [her] essential job functions." Wanslow Decl., Ex. A, ECF No. 15-1. The Office of EEO granted the plaintiff an unpaid leave of absence from September 27, 2021 through November 26, 2021. Id.; Wanslow Decl., Ex. B., ECF No. 15-2.

On November 16, 2021, the Office of EEO again emailed the plaintiff, informing her that "[t]his Office has reviewed your request to determine whether additional leave beyond November 26, 2021 could be granted or if the grant of additional leave would pose an undue burden on the" hospital system. Wanslow Decl., Ex. B, ECF No. 15-2. The Office of EEO "determined that no additional leave can be granted" and offered the plaintiff the option to choose by November 26, 2021 to "voluntarily resign from the System on or before December 31, 2021." Id. The Office advised the plaintiff that "should [she] choose not to elect

that Voluntary Resignation option, [she] will be separated from
employment on or after November 27, 2021." Id.[2]

The plaintiff alleges that she was fired on November 29,
2021. Compl. ¶ 24. She alleges that she would have been willing
to continue taking "every precaution," short of vaccination,
"that she had been taking" before the defendant's mandate. Id.
¶ 22. The plaintiff further alleges that "other nurses and first
responders" whose "names are presently unknown" refused to be
vaccinated on religious grounds but were accommodated without
being fired. Id. ¶ 25.

**B.**

On April 3, 2022, the plaintiff filed this action. ECF No.
1. She filed the operative amended complaint on July 8, 2022.
ECF No. 13. The plaintiff alleges that the defendant violated
her federal rights under 42 U.S.C. § 1983 by not providing her a
reasonable religious accommodation from the defendant's vaccine
mandate. Id. ¶ 31. Specifically, the plaintiff asserts
violations of Title VII, the Free Exercise Clause of the First

---

[2] The defendant attached the September 23, 2021 and November 16,
2021 emails to its motion to dismiss. The Court may consider these
documents on this motion because they were incorporated by reference in,
and are integral to, the Complaint, and because there are no "material
disputed issues of fact regarding the relevance of the document[s]." See
DiFolco v. MSNBC Cable, L.L.C., 622 F.3d 104, 111 (2d Cir. 2010);
Compl. ¶ 20 ("[B]ased upon the submissions made by the plaintiff the
defendant did initially offer to the plaintiff what it believed to be a
'reasonable accommodation': leave without pay."); Compl. ¶ 24 ("[B]y
reason of the failure and refusal of the plaintiff to submit to the
vaccination as mandated . . . she was discharged without just and legal
cause which became final and effective on November 29, 2021.").

Amendment, the Equal Protection Clause of the Fourteenth
Amendment, and the First Amendment generally. Id. ¶ 32. The
plaintiff also alleges that the defendant violated her rights
under the NYSHRL and the NYCHRL. Id. ¶¶ 39, 44. The plaintiff
claims "loss of back pay, loss of front pay, loss of health care
benefits, loss of pension benefits," and loss of "other related
benefits," as well as "personal and psychological injuries,
including but not limited to depression, anxiety, emotional
distress and the like." Id. ¶¶ 33-34. She seeks $9 million plus
interest, costs, disbursements, and attorney's fees. Id. at 7-8.

The defendant now moves to dismiss the Complaint for
failure to state a claim pursuant to Federal Rule of Civil
Procedure 12(b)(6).

## II.

In deciding a Rule 12(b)(6) motion to dismiss, the
allegations in the complaint are accepted as true, and all
reasonable inferences must be drawn in the plaintiff's favor.
McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir.
2007). The Court should not dismiss the complaint if the
plaintiff has stated "enough facts to state a claim to relief
that is plausible on its face." Bell Atl. Corp. v. Twombly, 550
U.S. 544, 570 (2007). "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw
the reasonable inference that the defendant is liable for the

6

misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." <u>Id.</u>[3]

### III.

The defendant argues that the Complaint fails to state a claim of religious discrimination under Title VII. Title VII prohibits employers from discriminating against employees on the basis of religion. 42 U.S.C. § 2000e-2(a)(1). The statute requires an employer to "reasonably accommodate" an employee's "religious observance or practice," unless doing so would impose "undue hardship on the conduct of the employer's business." <u>Id.</u> § 2000e(j). The plaintiff alleges that the defendant should have allowed her to continue working unvaccinated as a nurse while "taking every safety precaution that she had been taking" before the vaccine mandate. Compl. ¶ 22.[4]

---

[3] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

[4] A plaintiff may also claim a violation of religious discrimination under a theory of disparate treatment. <u>Goldschmidt v. N.Y. State Affordable Hous. Corp.</u>, 380 F. Supp. 2d 303, 310 (S.D.N.Y. 2005); <u>see also</u> <u>Feingold v. New York</u>, 366 F.3d 138, 149 (2d Cir. 2004). The Complaint alleges that "other similarly situated nurses and first responders" were "offered reasonable accommodations and retained their employment status based upon a similar religious exemption request." Compl. ¶ 23. But the plaintiff has failed to respond to the defendant's argument that the Complaint fails to state a claim of disparate treatment under Title VII. <u>See</u> Def.'s Memo., ECF No. 16, at 11. Indeed, the plaintiff does not

To make out a prima facie case under Title VII of religious discrimination through a failure to accommodate, an employee must show that she held a bona fide religious belief conflicting with an employment requirement, informed her employer of this belief, and was disciplined for not complying with the conflicting employment requirement. Knight v. Conn. Dep't of Pub. Health, 275 F.3d 156, 167 (2d Cir. 2001). If the employee makes out a prima facie case, the employer must then show that it offered the employee a reasonable accommodation or that doing so would cause undue hardship. Baker v. Home Depot, 445 F.3d 541, 546 (2d Cir. 2006). An accommodation causes an undue hardship "whenever it results in 'more than a de minimis cost' to the employer." Id. at 548 (quoting Trans World Airlines, Inc. v. Hardison, 432 U.S. 63, 84 (1977)).[5]

---

mention any other nurses or first responders in her opposition brief. The plaintiff therefore has abandoned her Title VII disparate treatment theory. See, e.g., Lipton v. County of Orange, N.Y., 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004).

[5] On January 13, 2023, the Supreme Court of the United States granted a petition for certiorari in Groff v. DeJoy, -- S. Ct. --, No. 22-174, 2023 WL 178403, which presents two issues: first, "[w]hether this Court should disapprove the more-than-de-minimis cost test for refusing Title VII religious accommodations stated in" Hardison; and second, "[w]hether an employer may demonstrate 'undue hardship on the conduct of the employer's business' under Title VII merely by showing that the requested accommodation burdens the employee's co-workers rather than the business itself," see Petition for a Writ of Certiorari, Groff v. DeJoy, No. 22-174, 2022 WL 3701768, at *i. It is unnecessary to stay this motion pending a decision in Groff. The parties have not asked the Court to do so, and, in any event, "[g]rants of certiorari do not change the law, and a district court remains bound by circuit precedent until the Supreme Court or the court of appeals changes that precedent." In re Generali COVID-19 Travel Ins. Litig., 577 F. Supp. 3d 284, 294 n.2 (S.D.N.Y. 2021),

The plaintiff alleges that she is a Christian, that she
sought a religious exemption from the defendant's vaccine
mandate, that the defendant denied her request, and that she was
fired for refusing to comply with the mandate. These allegations
make out a prima facie case of religious discrimination under
Title VII. The defendant notes that the plaintiff "does not
plead why her self-identification as a 'Christian' is in
conflict with Defendant's requirement that she receive the
COVID-19 vaccine." Def.'s Memo. at 10. But on a motion to
dismiss, the Court must draw all reasonable inferences in the
plaintiff's favor. McCarthy, 482 F.3d at 191. The reasonable
inference from the plaintiff's allegations that she is a
Christian and that she sought a religious accommodation from the
defendant's vaccine mandate is that her bona fide religious
beliefs conflicted with the defendant's vaccine mandate.

Because the Complaint makes out a prima facie case of
religious discrimination, the question becomes whether
reasonably accommodating the plaintiff would cause the defendant
undue hardship. The defendant asserts that allowing the
plaintiff to continue working as a patient-facing nurse while
unvaccinated would expose its staff and patients to an increased
risk of transmission of Covid-19. See Def.'s Memo. at 12-13; see

---

aff'd sub nom. Oglevee v. Generali U.S. Branch, -- Fed. App'x --, No. 22-
336, 2022 WL 16631170 (2d Cir. Nov. 2, 2022) (summary order).

also Wanslow Decl., ECF Nos. 15-1, 15-2. The plaintiff responds that the "theory" that "the vaccine was an effective tool to prevent the spread of" the virus "has now been debunked, as we now know that the vaccine has been ineffective in preventing the transmission of COVID-19 variants." Pl.'s Opp., ECF No. 17, at 6. It is unnecessary to resolve the parties' dispute about vaccine efficacy because, in any event, letting the plaintiff work with patients and hospital staff while unvaccinated would have required the defendant to violate its obligations under Section 2.61.

Title VII cannot be used to require employers to break the law. Bey v. City of New York, 999 F.3d 157, 170 (2d Cir. 2021); Cassano v. Carb, 436 F.3d 74, 75 (2d Cir. 2006); Marte, 2022 WL 7059182, at *4. When the defendant implemented its vaccine mandate, Section 2.61, a binding state regulation, required the defendant to "continuously require personnel" like the plaintiff "to be fully vaccinated against COVID-19, absent receipt of" a medical exemption. 10 N.Y.C.C.R. § 2.61(c). "Title VII does not require" entities covered by Section 2.61 to provide employees with a "blanket religious exemption allowing them to continue working at their current positions unvaccinated." We the Patriots, 17 F.4th at 292. And while "it may be possible under [Section 2.61] for an employer to accommodate" religious objectors "by employing them in a manner that removes them from

10

the Rule's definition of 'personnel,'" <u>We The Patriots USA, Inc.
v. Hochul</u>, 17 F.4th 368, 370 (2d Cir. 2021) (per curiam), the
plaintiff did not seek such an accommodation. The plaintiff
instead alleges that she sought to continue working unvaccinated
as a nurse in direct contact with colleagues and patients.
Granting this accommodation would cause the defendant the undue
hardship of forcing it to violate Section 2.61. <u>See, e.g.</u>,
<u>Marte</u>, 2022 WL 7059182, at *2, *4, *6 (dismissing Title VII
claim brought by nurse at hospital subject to Section 2.61 who
sought to "continue her work with patients while unvaccinated,
but while taking the same precautions she had observed before
the implementation of the Mandate"); <u>Does 1-2 v. Hochul</u>, -- F.
Supp. 3d --, No. 21-cv-5067, 2022 WL 4637843, at *15 (S.D.N.Y.
Sept. 30, 2022) (similar). Accordingly, the Complaint fails to
state a reasonable accommodation claim under Title VII, and that
claim is **dismissed without prejudice**.[6]

---

[6] The defendant also argues that the Court should dismiss the Title
VII claim for failure to exhaust administrative remedies. Def.'s Memo. at
5. But the Title VII claim could not be dismissed on this basis at this
time. Title VII requires a plaintiff to "file a charge with the EEOC and
obtain a right-to-sue letter" before filing a federal suit, <u>Sughrim v. New
York</u>, 503 F. Supp. 3d 68, 95 (S.D.N.Y. 2020), but Title VII non-exhaustion
is an affirmative defense on which the defendant bears the burden,
<u>Hardaway v. Hartford Pub. Works Dep't</u>, 879 F.3d 486, 491 (2d Cir. 2018).
Thus, a court should grant a motion to dismiss a Title VII claim on non-
exhaustion grounds only "where non-exhaustion is clear from the face of
the plaintiff's complaint, or from documents attached thereto or
incorporated therein." <u>Quinones v. N.Y. City</u>, No. 19-cv-5400, 2020 WL
5665142, at *4, *7 (S.D.N.Y. Aug. 17, 2020) (denying motion to dismiss on
non-exhaustion grounds where "Plaintiff has not affirmatively pleaded that
he did <u>not</u> exhaust his administrative remedies, and Defendants have
pointed to no documents that the Court should consider at this stage that

IV.

The plaintiff also alleges violations of the Free Exercise
Clause, the Equal Protection Clause of the Fourteenth Amendment,
and the First Amendment generally. To hold a municipal entity
liable for constitutional violations under Section 1983, a
plaintiff must show that a municipal policy or custom caused the
violation of the plaintiff's constitutional rights. Jones v.
Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012) (citing
Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S.
658, 692 (1978)). Courts have applied this standard to suits
against the defendant, a municipal corporation. Rookard, 710
F.2d at 45; El Dey v. Bd. of Corr., No. 22-cv-2600, 2022 WL
2237471, at *6 (S.D.N.Y. June 22, 2022).[7]

---

would warrant dismissal on the grounds of lack of exhaustion."). In this
case, non-exhaustion is not clear from the face of the Complaint. And
although the defendant attached to its motion to dismiss a letter from the
EEOC postdating the Complaint and explaining that the plaintiff's charge
"is currently being investigated and considered an open case," Wanslow
Decl., ECF No. 15-3 -- which suggests that the plaintiff did not obtain a
right-to-sue letter before filing this suit -- the Court may not consider
this document on this motion because it was neither attached to,
referenced in, or integral to the Complaint. See United States ex rel.
Foreman v. AECOM, 19 F.4th 85, 106, 108 (2d Cir. 2021) (detailing the
limited exceptions to the "strictly enforced" rule against considering
extra-pleading material on a motion to dismiss, and explaining that a
document is not "integral to the complaint" merely because it is
"favorable to the defendant, possibly thwarting the plaintiff's claims").

[7] The plaintiff argues that the defendant "is not the government but
is a public benefit corporation duly organized under and by virtue of the
laws of the State of New York." Pl.'s Opp. at 15. If the defendant were
not a government actor, the plaintiff's constitutional claims would fail
on that ground alone, because "[t]he First Amendment only applies to
government actors." Marte, 2022 WL 7059182, at *5 (dismissing similar
First and Fourteenth Amendment claims under Section 1983 against a private

**A.**

The plaintiff principally claims that the defendant
violated her rights under the Free Exercise Clause. Compl. ¶ 32.

The First Amendment bars the government from "prohibiting
the free exercise" of religion. U.S. Const., amend. I; see
Cantwell v. Connecticut, 310 U.S. 296, 303 (1940) (incorporating
the Free Exercise Clause against the states). The Free Exercise
Clause "protects an individual's private right to religious
belief, as well as the performance of (or abstention from)
physical acts that constitute the free exercise of religion."
Kane v. De Blasio, 19 F.4th 152, 163-64 (2d Cir. 2021). But this
protection "does not relieve an individual of the obligation to
comply with a valid and neutral law of general applicability."
Employment Div., Dep't of Hum. Res. of Ore. v. Smith, 494 U.S.
872, 879 (1990). Thus, "[w]here the government seeks to enforce
a law that is neutral and of general applicability," the
government "need only demonstrate a rational basis for its
enforcement." Fifth Ave. Presbyterian Church v. City of New
York, 293 F.3d 570, 574 (2d Cir. 2002). Meanwhile, in general,
an enactment that is not neutral towards religion or generally
applicable may survive only if it is justified by a compelling
governmental interest and if it is narrowly tailored to advance

---

hospital). In this case, however, the defendant is a local government
entity, making it a proper defendant for the constitutional claims.

that interest. <u>Church of the Lukumi Babalu Aye, Inc. v. Hialeah</u>, 508 U.S. 520, 531-32 (1993).

The plaintiff does not argue that the defendant's vaccine mandate was not generally applicable. She argues only that the mandate "was not neutral and was and is hostile to the religious beliefs of the plaintiff, as it presupposed the illegitimacy of her religious beliefs and practices." Compl. ¶ 27. An enactment violates the neutrality principle if it "explicitly singles out a religious practice" or "targets religious conduct for distinctive treatment." <u>Lukumi</u>, 508 U.S. at 533-34; <u>We The Patriots</u>, 17 F.4th at 281. The plaintiff pleads no facts suggesting that the defendant's mandate is guilty of either. To the extent the plaintiff alleges that the mandate's lack of a religious exception alone makes it non-neutral, <u>We The Patriots</u> forecloses that argument. <u>See</u> 17 F.4th at 282 ("The absence of a religious exception to a law does not, on its own, establish non-neutrality such that a religious exception is constitutionally required.").

Because the Complaint offers no allegations to support the inference that the defendant's vaccine mandate was not neutral and generally applicable, the mandate is subject to rational basis review, which requires only that an enactment "be rationally related to a legitimate state interest." <u>Lange-Kessler v. Dep't of Educ.</u>, 109 F.3d 137, 140 (2d Cir. 1997). The

14

defendant's vaccine mandate easily meets this standard. An
"emergency measure to require vaccination for all employees at
healthcare facilities who might become infected and expose
others to the virus, to the extent they can be safely
vaccinated," is a "reasonable exercise" of the "power to enact
rules to protect the public health." We The Patriots, 17 F.4th
at 290; see also Does 1-2, 2022 WL 4637843, at *13 (explaining
that Section 2.61, on which the defendant's vaccine mandate was
based, "serves the legitimate government purpose of protecting
public health and safety by reducing the incidence of COVID-19
in nursing homes and hospitals, thus protecting patients,
residents and employees"). Accordingly, the plaintiff has not
plausibly alleged that the defendant violated her free exercise
rights. Because a local government entity cannot be liable under
Section 1983 without an underlying violation of law, see, e.g.,
Martinez v. City of New York, No. 06-cv-5671, 2008 WL 2566565,
at *4 (S.D.N.Y. June 27, 2008), the plaintiff's free exercise
claim is **dismissed without prejudice**.[8]

### B.

The Complaint also alleges that the defendant's failure to
offer a reasonable accommodation to the plaintiff violated the

---

[8] The defendant also argues that the plaintiff fails to allege a
violation of the Establishment Clause. See Def.'s Memo. at 15. But neither
the Complaint nor the plaintiff's brief suggests that the plaintiff is
arguing that the defendant violated the Establishment Clause.

Equal Protection Clause of the Fourteenth Amendment. Compl. ¶ 32. However, because the plaintiff has not responded to the defendant's argument that the plaintiff fails to state a claim under the Fourteenth Amendment, that claim is abandoned. See Tecocoatzi-Ortiz v. Just Salad LLC, No. 18-cv-7342, 2022 WL 596831, at *15 (S.D.N.Y. Feb. 25, 2022); Camara v. Kenner, No. 16-cv-7078, 2018 WL 1596195, at *14 (S.D.N.Y. Mar. 29, 2018).

**V.**

Finally, the plaintiff brings claims for religious discrimination under the NYSHRL and the NYCHRL. A district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). "When all federal claims are eliminated before trial, the balance of factors to be considered -- including judicial economy, convenience, fairness, and comity -- typically points towards declining to exercise supplemental jurisdiction over any remaining state-law claims." Lawtone-Bowles v. City of New York, Dep't of Sanitation, 22 F. Supp. 3d 341, 352 (S.D.N.Y. 2014). Having dismissed all of the plaintiff's federal claims, the claims over which this Court has original jurisdiction, declining to exercise supplemental jurisdiction over the state-law and city-law claims is appropriate at this early stage of the litigation. Id. at 352-53; see also, e.g., Valencia ex rel. Franco v. Lee, 316 F.3d

299, 305 (2d Cir. 2003); In re Merrill Lynch Ltd. P'ships

Litig., 154 F.3d 56, 61 (2d Cir. 1998); Staten v. Patrolmen's

Benevolent Ass'n of City of N.Y., 282 F. Supp. 3d 734, 742-43

(S.D.N.Y. 2017). The plaintiff's NYSHRL and NYCHRL claims are

therefore **dismissed without prejudice.**

**CONCLUSION**

The Court has considered all of the parties' arguments. To

the extent not specifically addressed above, the arguments are

either moot or without merit. For the foregoing reasons, the

defendant's motion to dismiss is **granted,** and the Complaint is

dismissed without prejudice. The defendant's motion pursuant to

Fed. R. Civ. P. 26(c) for a stay of discovery pending the

outcome of this motion to dismiss, see ECF No. 14, is **denied as

moot.** The plaintiff may file a motion to file an amended

complaint together with a proposed amended complaint if the

plaintiff contends that such a complaint could remedy the

defects in the current Complaint. Any such motion must be filed

within thirty days of the date of this Memorandum Opinion and

Order. The Clerk is directed to close all pending motions.

**SO ORDERED.**

Dated:    **New York, New York**
          **February 17, 2023**

John G. Koeltl
**United States District Judge**